# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR WILLARD ESTRADA, | 1:11-CV-00433 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND**[1]

Petitioner is currently incarcerated at the Taft Correctional Institution in Taft, California. He challenges his 2000 sentence in the United States District Court for the Western District of Oklahoma for being a felon in possession of a firearm and for being a felon in possession of a controlled substance. He was sentenced under the Armed Career Criminal Act ("ACCA") to 235 months imprisonment. Petitioner appealed to the Tenth Circuit Court of Appeal, and the judgment was affirmed on January 25, 2002.

Petitioner has also filed post-conviction petitions for collateral relief. He filed a motion

---

[1] This information was derived from the petition for writ of habeas corpus.

1  to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court,
2  and the motion was denied on September 12, 2003.  He filed a motion for modification of
3  sentence and resentencing in the United States District Court for the Eastern District of Arkansas
4  on November 13, 2009.  The motion was denied on December 9, 2009.  He then filed a petition
5  for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the same court. The petition was
6  denied without prejudice on November 12, 2010.
7        Petitioner filed the instant petition for writ of habeas corpus on March 15, 2011.
8  Petitioner argues that his prior convictions for robbery were not "violent felonies" under the
9  ACCA.  He contends that he is actually innocent of the ACCA sentencing designation and should
10 be released since his term for the underlying conviction has been served.

**DISCUSSION**

12        A federal prisoner who wishes to challenge the validity or constitutionality of his federal
13 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
14 under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also
15 Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), cert. denied, 549 U.S. 1313 (2007);
16 Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd
17 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the*
18 *sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally
19 attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant
20 to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d
21 at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).
22        In contrast, a prisoner challenging the manner, location, or conditions of that sentence's
23 execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district
24 where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d
25 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir.
26 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37
27 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.
28 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921

1 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir.
2 1987). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by
3 which a federal prisoner may test the legality of his detention, and that restrictions on the
4 availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."
5 Stephens, 464 F.3d at 897 (citations omitted).

6 As Petitioner acknowledges, an exception exists by which a federal prisoner may seek
7 relief under § 2241 *if* he can demonstrate the remedy available under § 2255 to be "inadequate or
8 ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th
9 Cir.1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has
10 recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as
11 amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be
12 deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a
13 remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
14 court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843
15 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition
16 inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d
17 582 (9th Cir.1956).

18 The Ninth Circuit has provided little guidance on what constitutes "inadequate and
19 ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however,
20 have held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the
21 petitioner may proceed under Section 2241) when the petitioner claims to be: (1) factually
22 innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed
23 procedural shot' at presenting this claim ." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood,
24 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. The burden is on the
25 petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315
26 F.2d 76, 83 (9th Cir.1963).

27 In this case, Petitioner is challenging the validity and constitutionality of his federal
28 sentence imposed by the United States District Court for the Western District of Oklahoma,

rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Western District of Oklahoma, not a habeas petition pursuant to § 2241 in this Court.

Petitioner argues, however, that § 2255 is inadequate and ineffective, because he has already filed a § 2255 motion and that motion has been denied. Under the AEDPA, a prisoner may not bring a second or successive Section 2255 motion in district court unless "a panel of the appropriate court of appeals" certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir.2008). Petitioner fails to meet either of these requirements. First, newly discovered evidence is not at issue in this case. Second, Petitioner does not cite to any cases, and the Court has found none, finding that the United States Supreme Court decisions upon which Petitioner's claims are based, are "new rules" of constitutional law that are retroactively applicable. Accordingly, it appears that Petitioner does not qualify to file a successive Section 2255 motion.

Nevertheless, Petitioner's inability to meet the statutory requirements for filing a successive Section 2255 motion does not automatically render the remedy under Section 2255 inadequate or ineffective. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (concluding that a Section 2255 movant may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to Section 2241 rather than Section 2255, and that the AEDPA required dismissal of petitioner's successive Section 2255 motion because his claim was based neither on a new rule of constitutional law made retroactive by the Supreme Court nor on new evidence). To the extent Petitioner may argue that his only remedy is to pursue his claims via a habeas petition pursuant to Section 2241 because a panel of the Tenth Circuit would refuse to certify a second or successive motion under Section 2255, Petitioner's argument fails. Section 2241 "is not available under the inadequate-or-ineffective-remedy escape hatch of [Section] 2255

4

merely because the court of appeals refuses to certify a second or successive motion under the gatekeeping provisions of [Section] 2255." Lorentsen, 223 F.3d at 953. Further, as previously stated, the remedy under Section 2255 usually will not be deemed inadequate or ineffective merely because a previous Section 2255 motion was denied, or because a remedy under that section is procedurally barred. Id. at 953 (stating that the general rule in the Ninth Circuit is that "the ban on unauthorized second or successive petitions does not per se make § 2255 'inadequate or ineffective' "); see also United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir.2001) (procedural limits on filing second or successive Section 2255 motion may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651); Moore, 185 F.3d at 1055 (rejecting petitioner's argument that Section 2255 remedy was ineffective because he was denied permission to file a successive Section 2255 motion, and stating that dismissal of a subsequent Section 2255 motion does not render federal habeas relief an ineffective or inadequate remedy); Tripati, 843 F.2d at 1162-63.

In addition, Petitioner has failed to demonstrate that he has never had an unobstructed procedural opportunity to present his claims to the sentencing court.  Petitioner bases his claims on the Supreme Court decisions in Johnson v. United States, 130 S.Ct. 1265 (2010); Chambers v. United States, 555 U.S. 122 (2009); Begay v. United States, 553 U.S. 137 (2008); and United States v. Shipp, 589 F.3d 1084, 1090 (10th Cir.2009).  Chambers and Begay were decided prior to Petitioner's motion for modification of sentence and motion for resentencing filed in the sentencing court on November 13, 2009.  Therefore, the basis for his claims were available at the time he filed his motion in the sentencing court.

Moreover, Petitioner has failed to demonstrate that his claims qualify under the savings clause of Section 2255 because Petitioner's claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley,

5

523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior "violent felony" convictions and, thus, he is actually innocent of being designated a "Career Offender" based on his prior convictions for robbery. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy, 328 F.3d at 1060; Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction"); Edwards v. Daniels, 2006 U.S. Dist. LEXIS 94750, at *7, 2006 WL 3877525 (D.Or.2006) ("Petitioner's assertion that he is actually innocent of a portion of his sentence does not qualify him for the 'escape hatch' of § 2255 because he must allege that he is 'legally innocent of the crime for which he has been convicted,' not the sentence imposed."), adopted by Edwards v. Daniels, 2007 U.S. Dist. LEXIS 12356, 2007 WL 608115 (D.Or.2007). Therefore, the instant § 2241 petition does not fit within the exception to the general bar against using Section 2241 to collaterally attack a conviction or sentence imposed by a federal court. See Lorentsen, 223 F.3d at 954 (declining to decide whether federal prisoners who are actually innocent may resort to Section 2241 when relief is not available under Section 2255 because the petitioner had not shown actual innocence); see also Stephens, 464 F.3d at 898-99 (concluding that, although petitioner satisfied the requirement of not having had an "unobstructed procedural shot" at presenting his instructional error claim under Richardson v. United States, 526 U.S. 813, 119 (1999) because the claim did not become available until Richardson was decided eight years after his first Section 2255 motion had been denied and the claim did not satisfy the requirements for a second or successive Section 2255 motion, petitioner could not satisfy the actual innocence requirement as articulated in Bousley and, thus, failed to properly invoke the escape hatch exception of Section 2255); Harrison, 519 F.3d at 959 ("[A] motion meets the escape hatch

6

1  criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had
2  an unobstructed procedural shot at presenting that claim.'").
3       Accordingly, the Court concludes that Petitioner has not demonstrated that Section 2255
4  constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section
5  2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed
6  for lack of jurisdiction.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as the petition alleges grounds not cognizable in a petition filed pursuant to 28 U.S.C. § 2241.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 28, 2011**           /s/ Gary S. Austin
                              UNITED STATES MAGISTRATE JUDGE